UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

       Plaintiff,

  v.                                      Case No. 12-C-0889

SGT. DESMOND and OFFICER OLSON,

       Defendant.

**ORDER DENYING PLAINTIFF'S MOTIONS TO FILE AN AMENDED COMPLAINT**

Plaintiff has filed two motions to amend his complaint in the above matter. He seeks to raise additional claims against Defendant Sgt. Charles Desmond for "conspiring against" Plaintiff and communicating false criminal information to other police and agencies. He also seeks to add claims against several new defendants. For the reasons that follow, Plaintiff's motions to file an amended complaint will be denied.

Plaintiff seeks to amend his complaint in order to raise additional conspiracy claims against Defendants Desmond and Olson, two Town of Grand Chute police officers who arrested him, Officer Michael Daul, the City of Appleton and Town of Grand Chute Chiefs of Police, and the Appleton and Grand Chute police supervisors. Plaintiff generally contends that each of the individuals conspired against him by illegally stopping, searching, seizing, arresting, detaining and/or questioning him after Desmond "wrongfully assumed . . . and wrongfully communicated" that Plaintiff had committed a sexual assault. Plaintiff also requests leave to add Lori Fleming, the victim of the alleged sexual assault, as a defendant. He states she "acted under color of state law,

by conspiring with Sgt. Desmond[] . . . and committ[ed] her own case related wrongful acts in furtherance of that conspiracy . . . ." He also claims that the City of Appleton and Town of Grand Chute Chiefs of Police and police supervisors created a policy or custom of allowing or encouraging the illegal acts, or that they were grossly negligent in managing supervisees. Finally, Plaintiff seeks to add a claim for injunctive relief in the form of requesting that the defendants create, implement, and/or enforce policies and customs requiring police to first seek an independent and detached magistrate to determine probable cause before arrest, as well as issuing a warrant before searching or seizing property, or arresting and questioning a person "in the absence of a witness who has first been tested and established to be a reliable source of information based upon police experience with that witness in the past."

A district court may deny a motion to amend "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Foster v. DeLuca*, 545 F.3d 582, 585 (7th Cir. 2008) (internal quotations omitted). Leave to amend should generally be freely given, but a court may deny a motion to amend for good cause, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, when a party seeks to amend the pleadings after the time for doing so has passed according to the court's scheduling order, a court is entitled to apply the heightened good-cause standard of Rule 16(b)(4). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "[A]mong

2

the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Id.* at 720.

Here, Plaintiff has sought leave to amend his complaint after the close of discovery and after two motions for summary judgment were filed. Plaintiff's proposed amendments all center on his theory that the various defendants conspired against him. This theory appears to stem from his contention that Desmond "assumed" that Plaintiff committed a sexual assault, battery, and false imprisonment after responding to the victim's call to police for help and investigating the situation. Plaintiff's allegations in support of his motions to amend simply state that the defendants: "conspired with Sgt. Charles Desmond to deprive the Plaintiff of his freedom of movement," illegally searched Plaintiff and his home, illegally seized his property, illegally arrested him, illegally transported him to the police department and detained him there, and illegally coerced him into answering questions. As to Fleming, Plaintiff only alleges that she conspired with Desmond and committed "her own case related wrongful acts" in furtherance of the conspiracy.

However, aside from these bare accusations, Plaintiff offers no factual support for his claims. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be facially plausible, meaning the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Accordingly, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). Plaintiff's proposed amendments do not meet this standard.

3

What is more, his new allegations against the Chiefs of Police and police supervisors cannot proceed because supervisors are liable only if they were personally responsible, meaning they participated in, directed, condoned, or turned a blind eye to the constitutional violation. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) ("To show personal involvement, the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") (internal quotations omitted). However, Plaintiff only recites the elements that might theoretically constitute a valid claim of supervisory liability, and offers no facts whatsoever in support of his legal conclusions. He has otherwise provided no plausible basis from which to infer any of the supervisors could be liable.

Therefore, based on the foregoing, there is not good cause to allow Plaintiff to file an amended complaint, and at this late stage in the proceedings, amendment would not serve the interests of justice. Accordingly, Plaintiff's motions to amend his complaint (ECF Nos. 32 and 42) are **DENIED**.

Dated this   4th   day of June, 2013.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court